UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARMEN ALLEN,

        Plaintiff,        CIVIL ACTION NO. 12-cv-12211

vs.

                              DISTRICT JUDGE SEAN F. COX

COMMISSIONER OF        MAGISTRATE JUDGE MONA K. MAJZOUB
SOCIAL SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

        Plaintiff Carmen Allen filed this action seeking judicial review of Defendant's decision denying her application for Social Security benefits under 42 U.S.C. § 405(g). (Docket no. 1.) The Court remanded the matter for further administrative proceedings. (Docket no. 11.) Before the Court is Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). (Docket no. 13.) Defendant filed a Response (Docket no. 15.) The motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 14.) The Court has reviewed the pleadings, dispenses with a hearing, and issues this report and recommendation pursuant to Eastern district of Michigan Local Rule 7.1(f)(2).

**I.    RECOMMENDATION:**

        This Court recommends that Plaintiff's Motion for attorneys fees under the Equal Access to Justice Act (docket no. 13) be GRANTED and that Plaintiff be awarded $2,696.10 in fees and costs.

**II.    REPORT:**

        **A.    Procedural History**

Plaintiff filed an Application for Social Security benefits on April 13, 2009, alleging disability beginning on August 1, 2007. (TR 139-145, 145-148.) Plaintiff had filed a previous claim for benefits, which was denied by ALJ Jerome B. Blum on July 26, 2007. (TR 84-98.) Plaintiff was denied a second time by ALJ William Callahan, and after the Appeal Council denied her appeal, she filed the instant Complaint. (*See* docket no. 1.)

Plaintiff filed a Motion for Summary Judgment, wherein she argued that (1) ALJ Callahan failed to consider the Residual Functional Capacity assessment made by ALJ Blum, and (2) ALJ Callahan relied on an absence of objective testing in reaching his conclusion, but ALJ Blum indicated that such evidence existed. (Docket no. 9.) Rather than file a Motion or a Response, Defendant apparently agreed with Plaintiff's position; thus, the Parties agreed to a Stipulation to Remand, which the Court entered on November 13, 2012. (Docket no. 11.)

**B.     Analysis**

The EAJA provides that the Court shall award attorney fees and expenses to a prevailing party (other than the United States) in any civil action brought against the United States, unless the position of the government was substantially justified. 28 U.S.C. § 2412(d)(1)(A). The Act also provides that the attorney fees awarded show not be at a rate more than $125 per hour, unless the Court determines that an increase in the cost of living, or some other special factor, justifies a higher fee. *Id.* § 2412(1)(D)(2)(A).

Plaintiff seeks attorney fees at the rate of $145.00 per hour.[1] (Docket no. 13 at 4.) Plaintiff's counsel submitted a detailed breakdown of his work on behalf of Plaintiff showing that he had

---

[1] Plaintiff indicates that the $20.00-per-hour increase is due to inflation. (Docket no. 13 at 3.) This Court has previously awarded fees at a rate of $145.00 per hour. *See, e.g.*, *Long v. Comm'r of Soc. Sec.*, No. 10-10979, Doc. No. 22 (E.D. Mich. Aug. 16, 2011) (Majzoub, M.J.).

2

worked a total of 16.18 hours preparing the disability case between April 19, 2012, and November 13, 2012. (*Id.* at 5.) Plaintiff seeks attorneys fees in the amount of $2,346.10 plus reimbursement of the $350.00 filing fee for a total award of $2,696.10. (*Id.* at 4.) Defendant states that "the amount of fees and costs sought by Plaintiff are reasonable, [and therefore,] the Commissioner has no objection to Plaintiff's request." (Docket no. 15 at 1-2.) Likewise, the Court finds that the requested fee is reasonable and recommends that Plaintiff's Motion be granted.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: April 15, 2013          s/ Mona K. Majzoub
                                      MONA K. MAJZOUB
                                      UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: April 15, 2013          s/ Lisa C. Bartlett
                                      Case Manager